Oscar B. SCHMIDT, Appellant,

v.

The STATE of Texas, Appellee.

No. 42357.

Court of Criminal Appeals of Texas.

Nov. 19, 1969.

Rehearing Denied Jan. 28, 1970.

R. E. McDaniel, Beaumont, for appellant.

Carol S. Vance, Dist. Atty., Houston, James C. Brough and Robert Hinton, Asst. Dist. Attys., Houston, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is aggravated assault; the punishment, a fine of $75.00.

The complaint and information alleged that appellant, on or about September 10, 1968, made an aggravated assault upon Robert Embry, a Texas Highway Patrolman with the Department of Public Safety of the State of Texas, said officer being in the lawful discharge of the duties of his office which fact was well known to appellant.

Trial on November 18, 1968, was before a jury on a plea of not guilty. The punishment was assessed by the court. Appellant's amended motion for new trial being overruled, sentence was pronounced on January 10, 1969, and notice of appeal was given.

Appellant's brief filed in the trial court and his supplemental brief filed in this court complain "of the trial court's exclusion of appellant's testimony on the issue of guilt to the effect that he had never had any trouble with law enforcement officers prior to the occasion in question."

The complaint relates to the following questions, objection and ruling during the direct examination of appellant at the trial before the jury on the question of guilt.

"Q. Now, prior to the—to September the 10th of 1968, had you ever had any trouble with any law enforcement officer?

"Mr. Hinton: (Assistant District Attorney) We object to that, Your Honor."

"The Court: Sustained. Don't answer that question."

As pointed out by the state's brief, this ruling by the court was not a denial of appellant's right to put in issue and prove his reputation as a peaceful and law abiding citizen.

At his trial on the issue of guilt or innocence, a defendant may introduce evidence of his good character to show that it was improbable that he committed the offense charged. The inquiry as to character, however, is to be limited to his general reputation in the community where he resides or is best known. Smith v. State, Tex.Cr.App., 414 S.W.2d 659, and cases cited.

In Smith v. State, supra, we said:

"We know of no rule of evidence which would allow a defendant to testify to facts which he would not be allowed to prove, if he could, by other evidence.

"The rules stated apply alike to testimony of the defendant and the testimony of another witness in his behalf. The evidence which the trial court excluded at the trial on the issue of guilt was not admissible to show that the defendant's character was good."

Appellant's brief next complains that the evidence is insufficient to show a violation of law; that the evidence of the state makes out the defense of self-defense for the defendant and the evidence is undisputed that the defendant was acting in self-defense.

Viewed in the light most favorable to the jury's verdict, the record reflects the following:

On September 10, 1968, a warrant for appellant's arrest was issued by the Justice of the Peace, Precinct No. 7, Harris County, Texas. The warrant was based on a complaint filed in that court charging appel-

lant with the offense of driving a motor vehicle upon a public highway while his operator's license was suspended. The warrant was delivered to Texas Highway Patrolman Robert Embry for execution on that date.

Officer Embry drove to appellant's home for the purpose of serving the warrant. At that time, he was driving a Highway Patrol car and wearing the uniform of an officer of the Department of Public Safety. He went to the appellant's front door, identified himself as a police officer, and presented the warrant to appellant for his inspection. Appellant advised the officer that he would come with him, and the officer agreed to let his wife drive him, with the understanding that she would follow the patrol car to the office of the Justice of the Peace in Spring, Texas.

Both vehicles left appellant's home driving north in the direction of Spring. After proceeding approximately a half to three quarters of a mile at a speed of between 30 and 35 miles per hour, Officer Embry noticed that appellant's vehicle was dropping far behind his patrol car. He pulled over, stepped out of his car, and waited until appellant's vehicle arrived. When appellant's vehicle stopped, Officer Embry approached Mrs. Schmidt and told her she would need to follow closer to his vehicle. Appellant told the officer that he would have to follow their car, and instructed his wife to drive on. The officer then ordered appellant into his patrol car. Appellant refused to obey the order and Embry tried unsuccessfully to remove him from the vehicle. After instructing appellant and his wife not to leave their location, Embry returned to his patrol car to summon the assistance of other officers in the area. As the officer reached his car, appellant's vehicle turned onto the highway and continued in the direction of Spring.

Officer Embry pursued the vehicle and after Mrs. Schmidt ignored his red signal lights, he forced their vehicle to the side of the road. The officer approached the appellant and again he refused to get out of the car. In an attempt to "disable" appellant, Embry discharged a quantity of tear gas in his face. At that point, appellant removed a wooden tomato carton from the back seat, stepped from the car, and begain swinging the wooden carton at the officer, striking him several times on the arm and back.

 We find no merit in appellant's contention that the Justice of the Peace had no jurisdiction to issue the warrant of arrest because the Justice Court was without jurisdiction to try the defendant for the offense charged.

The Justice of the Peace is a magistrate and may issue such a warrant.

We find the evidence sufficient to sustain the conviction.

The judgment is affirmed.