**Marcelo GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–018–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 21, 1991.

Frank Garza, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Roy Hudspeth, Asst. Dist. Atty., Corpus Christi, for appellee.

Before GILBERTO HINOJOSA, KENNEDY and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant guilty of aggravated sexual assault, and the trial court assessed punishment at sixty years in prison. We affirm.

In his first point of error, appellant contends the trial court erred in disallowing testimony of his good character at the guilt-innocence phase of trial. The record shows that while appellant's sister was testifying on his behalf, appellant's counsel asked her if appellant had ever lived with anyone other than the victim's mother. The State objected to this question on relevancy grounds. Counsel explained that he was trying to show appellant's character by showing that he had been married, had children, and always had good behavior towards children. The trial court then sustained the State's objection.

An accused may present evidence of his character during the guilt-innocence phase of trial. *See Hamman v. State*, 166 Tex.Crim. 349, 314 S.W.2d 301, 303–05 (Tex.Crim.App.1958); *Green v. State*, 700 S.W.2d 760, 760–61 (Tex.App.—Houston [14th Dist.] 1985), *affirmed*, 727 S.W.2d 272 (Tex.Crim.App.1987); *Thomas v. State*, 669 S.W.2d 420, 423 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd); *Skelton v. State*, 655 S.W.2d 302, 304 (Tex.App.—Tyler 1983, pet. ref'd); Tex.R.Crim.Evid. 404(a)(1). Character may be shown, however, only by reputation evidence or opinion evidence. Tex.R.Crim.Evid. 405. Specific instances of conduct are not admissible, except in certain instances not applicable here. *See Schmidt v. State*, 449 S.W.2d 39, 40 (Tex.Crim.App.1969); Tex.R.Crim. Evid. 405.

Appellant did not elicit reputation or opinion evidence from his sister. Instead, appellant was attempting to elicit specific instances of his past conduct to prove character. Thus, the trial court did not err in sustaining the State's objection. Appellant's first point of error is overruled.

In his second point of error, appellant contends the evidence is insufficient to sustain the conviction. The State was required to prove that appellant intentionally or knowingly penetrated J.J.'s sexual organ with his finger. In his brief, appellant generally summarizes the evidence introduced at trial and then contends it fails to prove his guilt beyond a reasonable doubt.

The evidence shows that appellant was J.J.'s mother's boyfriend. J.J. testified that in July 1989, she was twelve years old. At that time, she lived with her mother and appellant. During the summer of 1989, appellant began touching her private parts. J.J. told the jury specifically of one incident which occurred in July. J.J. testified that she, appellant, and her mother were in the bedroom watching television. Appellant told J.J.'s mother to go cook him something to eat. While appellant and J.J. were alone, appellant rubbed and then penetrated her vagina with his fingers. J.J. told appellant to stop because it hurt, but he told her to be quiet. Appellant stopped

when he heard J.J.'s mother coming up the stairs. J.J. did not tell her mother what had happened, but when she left the room, she went and told her sister Janie what had happened. In turn, Janie told her mother. J.J. further testified that appellant had put his finger inside her vagina on other occasions.

J.J.'s mother testified that she confronted appellant with J.J.'s accusations, but appellant became angry, denied them, and hit her. J.J.'s sister eventually told her aunt what appellant had done to J.J., and the aunt notified the police.

Appellant did not testify, but he called his sister, father, ex-wife, and another relative to testify on his behalf. None of these witnesses testified to any fact concerning the actual incident.

In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Baugh v. State*, 776 S.W.2d 583, 585 (Tex.Crim.App.1989); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App. 1989). Viewing the evidence in this light, we find it sufficient. The victim's testimony established all elements of the offense. It alone is sufficient to sustain the conviction. *See Dalgleish v. State*, 787 S.W.2d 531, 534 (Tex.App.—Beaumont 1990, pet. ref'd). Appellant's second point is overruled.

The judgment of the trial court is affirmed.