Marcelino VALDEZ, Appellant,

v.

The STATE Of Texas, Appellee.

Nos. 14–97–00613–CR, 14–97–00616–CR, 14–97–00619–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 1999.

Rehearing Overruled Oct. 7, 1999.

Allen C. Isbell, Houston, for appellants.

Alan Curry, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and CANNON.*

## MAJORITY OPINION

LESLIE BROCK YATES, Justice.

Appellant, Marcelino Valdez, appeals his conviction for three counts of aggravated sexual assault of a child. Appellant, who is related to the complainants by marriage, lived in the same Houston neighborhood as the three complainants and their family. Appellant and the boys' mother were romantically involved. The three boys often stayed at appellant's home and accompanied appellant along with their mother on trips. In August 1996, a Houston police officer received a complaint alleging the possible sexual assault of one of the boys. Initially the boys were hesitant to allege that appellant had assaulted them, however, subsequently, all three complained that appellant had sexually assaulted them.

Appellant was indicted for three counts of aggravated sexual assault of a child; he pleaded not guilty to the offense and true to one enhancement paragraph that, alleged a prior offense of theft. The jury found him guilty of all three offenses, and the trial court assessed punishment at forty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division, for each offense. In three points of error, appellant contends that the trial court erred in refusing to admit character evidence and in permitting improper jury argument. We affirm.

## CHARACTER EVIDENCE

■ In his first two points of error, appellant complains that the trial court committed reversible error by refusing to allow appellant's brother and neighbor to testify that appellant enjoyed a good reputation in the community for being a "non-pedophile" and having no sexual preference for young children. Appellant's brother, who lived with the appellant during the time of the alleged abuse, testified on appellant's behalf. During that testimony, appellant's counsel asked appellant's brother "[i]n the 41 years that you have known your brother, can you tell the jury, are you familiar with his reputation in the community for (sic) which he lives for being a pedophile or a non-pedophile? Are you familiar with his reputation?" The State objected that this was an improper question and the trial court sustained that objection. Later, after the jury had been excused, appellant's counsel made a proffer of the brother's response and requested that he be allowed to ask the same question of the appellant's neighbor. Again, the judge refused to allow the testimony. Appellant asserts that the trial court erred in excluding this evidence.

■ An accused in a criminal case is allowed to introduce evidence of a specific good character trait to show that it is improbable that he committed the offense charged, where that character trait is relevant to the offense. *See* Tex.R. Evid. 404(a)(1); *Thomas v. State*, 669 S.W.2d 420, 423 (Tex.App.—Houston [1 st Dist.] 1984, pet. ref'd). If evidence of a person's character or character trait is admissible, proof may be made through reputation or opinion testimony. *See* Tex.R. Evid. 405(a). However, specific instances of conduct are inadmissible to show an inference that the accused did or did not commit the offense. *See, e.g., Schmidt v. State*, 449 S.W.2d 39, 40 (Tex.Crim.App.1969) (holding that while the defendant may offer reputation evidence on his law-abiding

---

* Senior Justice Bill Cannon sitting by assignment.

character, he may not testify that he has never been in trouble); *Garcia v. State*, 819 S.W.2d 667, 668 (Tex.App.—Corpus Christi 1991, no pet.) (stating that the defendant was precluded from introducing specific incidents to support his claim of good character).

We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990) (op. on reh'g). A trial court's ruling on the admissibility of evidence will be overturned only if the ruling is so clearly wrong that it lies outside the zone of reasonable disagreement. *See id.*

Appellant alleges that *In the Matter of G.M.P.*, 909 S.W.2d 198 (Tex.App.—Houston [14th Dist.] 1995, no pet. h.), controls the disposition of this case. In that case, this court held that a juvenile defendant accused of aggravated sexual assault of a child should have been allowed to present testimony that he had a reputation in the community for the "safe and moral treatment of children" because the character trait the defense sought to introduce was pertinent to the offense charged. *See id.* at 207. Here, undoubtedly, whether appellant is a "non-pedophile" is pertinent to the offense charged. However, we find that the trial court did not abuse its discretion in refusing to allow the defense to ask the proffered questions because, unlike a

person's reputation for the moral treatment of children, being a "non-pedophile" is not evidence of a person's character or character trait.[1]

■ To allow the defense to ask whether an accused in a sexual assault case has a reputation for being a pedophile is akin to asking a witness in a murder case if the defendant has a reputation for being a murderer. The status of being a murderer, or in this case a pedophile, is not a "character trait." In a murder case, the accused's reputation for peacefulness, or non-aggressive behavior, is the appropriate inquiry.[2] Here, the defense did not seek to establish evidence of a specific good character trait, rather, the defense sought to show that the accused was not known to have committed the type of crime for which he was charged in the past. This is an impermissible attempt to put on evidence of specific instances of good conduct to support the inference that it is unlikely the accused would have engaged in the criminal conduct charged. We see no appreciable difference between the question asked in the instant case and the question found to be improper in *Schmidt*, 449 S.W.2d at 40. In *Schmidt*, the defendant, who was charged with assaulting a police officer, was precluded from answering the following question:

1. "Character" is defined as "the complex of accustomed mental and moral characteristics and habitual ethical traits marking a person, group or nation ... a composite of good moral qualities typically of moral excellence and firmness ..." WEBSTER'S NEW INTERNATIONAL DICTIONARY (3d ed.1961). Examples of "character traits" include: a defendant's reputation for sobriety in a driving while intoxicated case, *see Foley v. State*, 172 Tex.Crim. 261, 356 S.W.2d 686 (1962); an accused's reputation for honesty and fair dealing in a fraud case, *see Canto–Deport v. State*, 751 S.W.2d 698 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) and a defendant's reputation for being peaceful and law-abiding in a sexual assault case, *see Skelton v. State*, 655 S.W.2d 302 (Tex.App.—Tyler 1983, pet. ref'd). *But see Brazelton v. State*, 947 S.W.2d 644 (Tex. App.—Fort Worth 1997, no pet.) (finding that

evidence that the defendant did not use or sell drugs was a pertinent trait when the charged offense was possession of a controlled substance).

2. Contrary to the dissent's interpretation, we do not hold that the question asked was improper because it was framed in the negative. The good character of a defendant *may* be shown by negative testimony. *See* 1 WHARTON'S CRIMINAL EVIDENCE § 170 (Charles E. Torcia ed., 14th ed.1985) (emphasis added). In other words, a witness may testify that he has never heard anything said against the accused's character, or that he has never heard the matter discussed, provided that the witness has been in such a position that, had anything been said concerning the defendant, he probably would have heard it. *See id.*

Q: Now, prior to the—to September the 10th of 1968, had you ever had any trouble with any law enforcement officer?

*Id.* The Court of Criminal Appeals held that while a defendant may introduce evidence of his good character to show that it was improbable he committed the offense charged, the inquiry must be limited to his general reputation in the community. *See id.* However, merely framing the question in terms of an accused's *reputation* for not having committed a specific act, as was done here, does not make the inquiry proper. Accordingly, the trial court did not abuse its discretion in refusing to allow the testimony, and we overrule appellant's first two points of error.

### IMPROPER ARGUMENT

In his final point of error, appellant asserts that the trial court erred in overruling his objection to the state's closing argument, which characterized appellant as a pedophile. Appellant argues that the State's remarks were improper because the trial court earlier refused to allow appellant's brother and neighbor to testify concerning his reputation for not being a pedophile.

■■■■ It is well established that proper jury argument must fall within one of the following categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) response to argument of opposing counsel; and (4) plea for law enforcement. *See Borjan v. State,* 787 S.W.2d 53, 55 (Tex.Crim.App.1990). The law provides for, and presumes a fair trial, free from improper argument by the prosecuting attorney. *See Dickinson v. State,* 685 S.W.2d 320, 322 (Tex.Crim.App.1984). An improper argument constitutes reversible error when in light of the record as a whole it was extreme or manifestly improper, violative of a mandatory statute, or injected into the trial proceedings new facts harmful to the accused. *See Borjan,* 787 S.W.2d at 57. To preserve improper jury argument for appellate review, a de-

fendant must object and pursue the objection to an adverse ruling, otherwise he forfeits his right to complain about the argument on appeal. *See Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996).

■■■■ In closing the State argued:

I also want the record to be real clear that if I call this man a pervert, it's not for taking these kids to the doctor, it's not for buying them toys, it's for molesting them. Let's be real clear about that.

. . .

Mr. Valdez does everything for a reason, ladies and gentlemen. *He is a master manipulator. That is the definition of a pervert, of a pedophile.*

. . .

The defense attorney seems particularly. concerned that this doesn't make sense; and, God, I will agree with him on that. Nothing about this case makes sense to me. . . . This is a man who saw the perfect victims. He saw three little boys whose mother is not really around, whose grandmother liked the money she was getting and would turn her head. This man, through presents, through money, through trips out of town, manipulated these little boys, seduced these little boys, betrayed them in the worst possible way you betray someone. *Make no mistake about it, pedophiles are intelligent, charming, manipulators.*

[DEFENDANT]: Judge, I object to this line of argument. Since y'all would not let me get in the character witnesses he's not a non-pedophile and to let her argue that he is, is a gross mischaracterization of justice and I object.

[THE COURT]: The objection is overruled.

[PROSECUTOR]: I don't know whether Mr. Valdez has a reputation or not for being a pedophile in the community. The question was asked of his brother. I think we can all guess what he was going to say. "No, he does not have a reputation for being a pedophile." No, this man is not going to let little boys

run around naked in his house. He's not stupid. That's the thing you've got to remember: This man is not stupid.

(Emphasis added.)

Appellant has failed to preserve error for our review because he failed to object each time the State characterized him as a pedophile. Consequently, appellant has waived any impropriety in the State's argument. In any event, testimony was admitted at trial that appellant sexually assaulted the three victims, all young boys. Thus, the prosecutor's argument was a reasonable deduction from the evidence. The trial court's refusal to allow testimony concerning appellant's reputation does not render the State's argument improper. Appellant's third point of error is overruled.

The trial court's judgment is affirmed.

BILL CANNON, Justice, dissenting.

The majority overrules the appellant's first two points of error based on its conclusion that whether one is a pedophile or has a sexual preference for small children are not "character traits." This conclusion, however, is unsupported by any specific authority and deprives appellant of his right to put on a complete defense. The trial court erred in refusing to allow appellant to elicit testimony as to his reputation for being a "non-pedophile" and not having a sexual preference for children, and that error was made harmful by the state's improper argument to the jury. Therefore, I respectfully dissent.

### The Error

A defendant in a criminal proceeding is entitled to due process of law, due course of law, and a fair trial. *See* U.S. CONST. art. 5, 14; TEX. CONST. art. 1 § 19. Inherent in these rights is the right to present a defense by calling witnesses and presenting evidence. *See Washington v. State,*

388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

In the present case, the only issue before the jury was whether appellant sexually assaulted the children. While the state presented physical evidence that the children had been sexually assaulted, there was no physical evidence identifying or eliminating appellant as the person responsible for the assault. The only evidence specifically implicating appellant in the sexual assault of the children came from the testimony of the children themselves. In presenting his defense, appellant was faced with the difficult task of trying to prove a negative. In other words, he had to try to convince the jurors that, despite the testimony of the children, he had not sexually assaulted them. Given the lack of physical evidence, appellant had nothing to rely on other than his own testimony and the testimony of others as to his character and reputation. Understandably, appellant chose to make his character and reputation an issue in the case, as is his right under TEX.R. EVID. 404. After offering his own testimony, appellant attempted to present character evidence that he did not have a reputation for being a pedophile or having a sexual preference for small children, thus making it unlikely that he committed the sexual assaults. The trial court, however, refused to allow appellant the opportunity to present this evidence which was crucial to his defense, and, despite appellant's complaints, the majority now upholds the trial court's limitation of appellant's defense. I cannot agree.

The majority admits that "whether appellant is a 'non-pedophile' is pertinent to the offense charged." However, the majority's holding is based on an unsupported assertion that being a non-pedophile is not a "character trait."[1] Not only is this assertion unsupported by any authority, but more importantly, it flies directly in the face of logic. Under the majority's analy-

---

**1.** The only authority cited by the majority are "examples" of character testimony allowed by other courts. These cases, however, provide no authority for the majority's assertion that "being a non-pedophile is not a 'character trait.'"

sis, the following illogical results would occur: (1) testimony about a defendant's reputation for sobriety would be allowed, while testimony that the defendant had a reputation for not drinking alcohol would be excluded; (2) a defendant on trial for fraud could put on a witness to testify about his reputation for honesty and fair dealing, but not his reputation for not lying to or cheating those he dealt with; (3) someone charged with murder could bring in witnesses to testify as to his reputation for peacefulness, but would be denied the opportunity to ask the same witnesses about his reputation for being non-violent towards others. All of these situations have one thing in common—they are distinctions without a difference. So too is the majority's analysis in the present case. Under this same majority's express holding in *IIn the Matter of G.M.P.*, it is reversible error for the trial court, in a sexual assault case, to exclude testimony that the defendant has a reputation for the safe and moral treatment of children. 909 S.W.2d 198, 207–208 (Tex.App.—Houston [14th Dist.] 1995, no pet.). Yet under the same circumstances in the present case, the trial court does not err when it excludes testimony that the appellant has a reputation for not being a pedophile and not having a sexual preference for children. And what reason is appellant given for this denial of his due process rights— that, while "undoubtedly" pertinent, not being a pedophile and not having a sexual preference for children does not fall into the majority's definition of a "character trait."[2] I believe that the majority would be hard pressed to find anyone who would agree that not being a pedophile and not having a sexual preference for children do not qualify as positive character traits.

Simply put, there is no *relevant* distinction between the "safe and moral treatment of children" and not being a pedophile or not having a sexual preference for children. While there may be a slight distinction in form, that distinction does not justify ignoring the substance of what was asked and depriving appellant of a well-established due process right.

As stated earlier, the lack of physical evidence directly implicating or exonerating appellant of sexual assault forced appellant to base his entire defense on his testimony and the testimony of others as to his character and reputation. Given the lack of authority directly addressing the issue, the question of whether "not being a pedophile" and "not having a sexual preference for children" qualify as "pertinent character traits" under rule 404(a)(1) is, at best, a close call. While the majority errs of the side of upholding the trial court, I would instead err on the side of upholding the appellant's due process rights. Therefore, I would find that the trial court erred in excluding the testimony offered by appellant.

### The Harm

One need look no further than the State's final argument to find harm. After the trial court refused to allow the appellant to present testimony that he had a reputation for not being a pedophile and not having a sexual preference for young children, the court overruled the appellant's objection to the State's characterization of the appellant as a pedophile. The harm in this situation is so evident that it cannot be ignored. What is remarkable about the majority opinion is the inconsistency of its holding. On one hand, the majority condones the trial court's denial

---

2. It is interesting to note that the State does not even make the argument that the majority relies on today. In fact, the implicit language of the State's brief does not support the majority's conclusion that whether one is a pedophile is not a character trait. In its brief, the State argues that "[a]t the time the appellant's brother testified, the State had not made a claim that the appellant was a pedophile;

therefore, whether or not he was a pedophile was not a 'pertinent trait' of the appellant's character *at the time that appellant's brother testified*." It is hard to ignore the fact that the State essentially concedes that being a pedophile is a character trait, but argues that the trait was not a "pertinent trait" under rule 404 at the time the testimony was offered.

of appellant's attempt to put on testimony that he is not a pedophile and does not have a sexual preference for young children. Then, they immediately turn around and hold that the State's argument that appellant is a pedophile was not improper because there was testimony that he sexually assaulted three young boys—thus making it a reasonable deduction from "the evidence." Unfortunately for the appellant, however, the trial court precluded him from including as part of "the evidence" testimony that was critical and relevant to his defense. Therein lies the harm—the jury convicted the appellant without having heard all of the evidence. The trial court's actions violated appellant's due process rights by preventing him from presenting a complete defense, and the judgment should be reversed and remanded for a new trial.