WAGNER V. STATE

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-01-180-CR

        
2-01-181-CR

        2-01-182-CR

JAMES FLOYD WAGNER, III A/K/A APPELLANT

JIM F. WAGNER

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION ON APPELLANT’S PETITION FOR

DISCRETIONARY REVIEW

------------

On October 17, 2002, we issued an opinion and judgments affirming the trial court judgments.  James Floyd Wagner, III a/k/a Jim F. Wagner (appellant) has filed a petition for discretionary review in the Texas Court of Criminal Appeals.  Pursuant to Texas Rule of Appellate Procedure 50, we withdraw our October 17, 2002 opinion and judgments and substitute the following modified opinion and accompanying judgments.

Appellant originally appealed from a conviction of three counts of indecency with a child by exposure.  Appellant contends that the trial court erred in overruling his objection to the State’s improper jury argument.  We affirm.

Facts

On September 11, 1999 appellant was driving near a Kroger store parking lot where the Carroll High School junior varsity treble choir was conducting a car wash.  Approximately twenty-two girls participated, and all were high school freshmen.  Appellant approached three girls holding a sign near the street and told them he wanted to donate some money, but he would have to go get it.  When he returned, he asked the girls if they would like to earn one hundred dollars.  The girls answered affirmatively, and he said, “You’ll have to sit on it for $100.”  The girls then realized that appellant was wearing nothing but a polo shirt, with his pants and underwear around his ankles.  He was holding out the one hundred dollar bill in one hand while masturbating with the other.

The girls immediately reported the incident to their teacher, contacted the police, and identified appellant a week later from a photo spread.  Appellant pled guilty to three separate counts of indecency with a child by exposure. Punishment was to the jury.

During closing arguments at punishment, the State made reference to appellant’s failure to take a plethysmograph, which would tell whether he had pedophilic tendencies.  Appellant objected, but the trial court overruled his objection.  The trial court instructed the jury to find him guilty, and the jury sentenced him to five years in the institutional division of the Texas Department of Criminal Justice and a $10,000 fine for each case.

Discussion

Appellant 
contends that the trial court erred in overruling his objection to the State’s improper jury argument and that this court failed to address his point by relying on inapplicable case law.
  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  
Further, the trial court must have ruled on the request, objection, or motion, expressly or implicitly, or refused to rule, and the complaining party objected to the refusal.  
Tex. R. App. P.
 33.1(a)(2); 
Taylor v. State
, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996).

In
 Valdez v. State, 
the defendant argued that the trial court erred in overruling his objection to the State’s closing argument.  
Valdez v. State,
 2 S.W.3d 518, 521 (Tex. App.—Houston [14
th
 Dist.] 1999, pet. ref’d). During closing arguments, the State characterized the defendant as a pedophile, and he objected.  
Id
.  The court overruled his objection.  
Id
.  The State then continued to characterize the defendant as a pedophile without any further objection.  
Id
. at 521-22.  The appellate court held that defendant failed to preserve error for review because he failed to object each time the State characterized him as a pedophile.  
Id
. at 522.  Therefore, defendant waived any impropriety in the State’s argument. 
 Id
. 

This court reached a similar conclusion in 
Smith v. State
. 
 842 S.W.2d 401, 406 (Tex. App.—Fort Worth 1992, pet. ref’d).  In 
Smith
, we held that the defendant failed to properly preserve error because he did not object to the State’s improper argument at the earliest opportunity. 
 Id
.; 
see also Jones v. State
, 900 S.W.2d 392, 397 (Tex. App.—San Antonio 1995, pet. ref’d) (holding that argument during guilt/innocence was waived because “[e]ven if the instance he objected to had not occurred, the term occurred without objection two other times in the jury argument”).

Here, the State offered the following during closing arguments:

We don’t know what sickness he has, because why? He hasn’t taken the plethysmograph, the thing, the definitive test that would tell you whether he has an arousal to children, whether he is a pedophile, pedophile, excuse me, whether he has pedophilic tendencies.  
They didn’t do that test.  What were they scared of?  What were they scared that test was going to show?
  They didn’t do a polygraph–  [Emphasis added.]

Appellant objected to the State’s argument as being outside the record and presenting unsworn testimony of items that did not exist.  The court overruled the objection and the State then continued:

They didn’t do the polygraph.  They had that opportunity.  You heard from Mr. Clark that after everybody pleads guilty to a sexual offense and comes up there and sits down and says, “I did it,” within 120 days they must have completed the polygraph and the plethysmograph.  He admitted this offense in October of 1999 to Dr. Lorance. 

He also admitted the offense in March of 2000.  13 months have gone by.
  Those tests have yet to be done, and there’s a reason.  They don’t want you to know what kind of man he truly is
.  [Emphasis added.] 

Appellant made no objection to this argument that implied the same conclusion as the objected-to argument.  B
y not objecting to the same argument, error, if any, in the first instance was waived
.  
See Valdez
,
 
2 S.W.3d at 522 (holding that 
appellant failed to preserve error for review because he failed to object each time the State made the argument)
; 
Jones
, 900 S.W.2d at 397 (holding that possible error was waived because the argument occurred without objection two other times); 
Smith
, 842 S.W.2d at 406 (any possible error was waived by the State making the same argument, without objection, both before and after the contested portion of the argument)
; 
see also Cockrell v. State
, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) 
(an appellant is permitted to complain about an erroneous jury argument on appeal only if he has objected and pursued the objection to an adverse ruling), 
cert. denied
, 520 U.S. 1173 (1997)
.
  
Therefore, appellant’s sole point is overruled.

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgments.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED JANUARY 9, 2003]