COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NOS. 2-01-180-CR
2-01-181-CR
2-01-182-CR

JAMES FLOYD WAGNER, III A/K/A       
           
           
           
APPELLANT
JIM F. WAGNER
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM THE 213
TH DISTRICT COURT OF TARRANT
COUNTY
------------
OPINION ON APPELLANT'S
PETITION FOR
DISCRETIONARY REVIEW
------------
On October 17, 2002, we issued an opinion
and judgments affirming the trial court judgments. James Floyd Wagner, III a/k/a
Jim F. Wagner (appellant) has filed a petition for discretionary review in the
Texas Court of Criminal Appeals. Pursuant to Texas Rule of Appellate Procedure
50, we withdraw our October 17, 2002 opinion and judgments and substitute the
following modified opinion and accompanying judgments.
Appellant originally appealed from a
conviction of three counts of indecency with a child by exposure. Appellant
contends that the trial court erred in overruling his objection to the State's
improper jury argument. We affirm.
Facts
On September 11, 1999 appellant was
driving near a Kroger store parking lot where the Carroll High School junior
varsity treble choir was conducting a car wash. Approximately twenty-two girls
participated, and all were high school freshmen. Appellant approached three
girls holding a sign near the street and told them he wanted to donate some
money, but he would have to go get it. When he returned, he asked the girls if
they would like to earn one hundred dollars. The girls answered affirmatively,
and he said, "You'll have to sit on it for $100." The girls then
realized that appellant was wearing nothing but a polo shirt, with his pants and
underwear around his ankles. He was holding out the one hundred dollar bill in
one hand while masturbating with the other.
The girls immediately reported the
incident to their teacher, contacted the police, and identified appellant a week
later from a photo spread. Appellant pled guilty to three separate counts of
indecency with a child by exposure. Punishment was to the jury.
During closing arguments at punishment,
the State made reference to appellant's failure to take a plethysmograph, which
would tell whether he had pedophilic tendencies. Appellant objected, but the
trial court overruled his objection. The trial court instructed the jury to find
him guilty, and the jury sentenced him to five years in the institutional
division of the Texas Department of Criminal Justice and a $10,000 fine for each
case.
Discussion
Appellant contends that the trial court erred in
overruling his objection to the State's improper jury argument and that this
court failed to address his point by relying on inapplicable case law.
To preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the request,
objection, or motion. Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), cert.
denied, 526 U.S. 1070 (1999). Further, the trial court must
have ruled on the request, objection, or motion, expressly or implicitly, or
refused to rule, and the complaining party objected to the refusal. Tex.
R. App. P. 33.1(a)(2); Taylor v. State, 939 S.W.2d 148,
155 (Tex. Crim. App. 1996).
In Valdez v. State, the defendant argued that the
trial court erred in overruling his objection to the State's closing argument. Valdez
v. State, 2 S.W.3d 518, 521 (Tex. App.--Houston [14th
Dist.] 1999, pet. ref'd). During closing arguments, the State characterized the
defendant as a pedophile, and he objected. Id. The court
overruled his objection. Id. The State then continued to
characterize the defendant as a pedophile without any further objection. Id.
at 521-22. The appellate court held that defendant failed to preserve error for
review because he failed to object each time the State characterized him as a
pedophile. Id. at 522. Therefore, defendant waived any
impropriety in the State's argument. Id.
This court reached a similar conclusion in Smith v.
State. 842 S.W.2d 401, 406 (Tex. App.--Fort Worth 1992, pet.
ref'd). In Smith, we held that the defendant failed to
properly preserve error because he did not object to the State's improper
argument at the earliest opportunity. Id.; see
also Jones v. State, 900 S.W.2d 392, 397 (Tex. App.--San Antonio 1995, pet.
ref'd) (holding that argument during guilt/innocence was waived because "[e]ven
if the instance he objected to had not occurred, the term occurred without
objection two other times in the jury argument").
Here, the State offered the following during closing
arguments:

 We don't know what sickness he has, because why? He hasn't taken the
 plethysmograph, the thing, the definitive test that would tell you whether he
 has an arousal to children, whether he is a pedophile, pedophile, excuse me,
 whether he has pedophilic tendencies. They didn't do that
 test. What were they scared of? What were they scared that test was going to
 show? They didn't do a polygraph- [Emphasis added.]

Appellant objected to the State's argument as being outside the record
and presenting unsworn testimony of items that did not exist. The court
overruled the objection and the State then continued:

 They didn't do the polygraph. They had that opportunity. You heard
 from Mr. Clark that after everybody pleads guilty to a sexual offense and
 comes up there and sits down and says, "I did it," within 120 days
 they must have completed the polygraph and the plethysmograph. He admitted
 this offense in October of 1999 to Dr. Lorance.

He also admitted the offense in March of 2000. 13 months have gone by.
Those tests have yet to be done, and there's a reason. They don't want you to
know what kind of man he truly is. [Emphasis added.]
Appellant made no objection to this argument that implied the same
conclusion as the objected-to argument. By not objecting to the
same argument, error, if any, in the first instance was waived. See
Valdez, 2 S.W.3d at 522 (holding that appellant
failed to preserve error for review because he failed to object each time the
State made the argument); Jones, 900 S.W.2d
at 397 (holding that possible error was waived because the argument occurred
without objection two other times); Smith, 842 S.W.2d at
406 (any possible error was waived by the State making the same argument,
without objection, both before and after the contested portion of the argument);
see also Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim.
App. 1996) (an appellant is permitted to complain about an
erroneous jury argument on appeal only if he has objected and pursued the
objection to an adverse ruling), cert. denied, 520 U.S.
1173 (1997). Therefore,
appellant's sole point is overruled.
Conclusion
Having overruled appellant's sole point, we affirm the trial court's
judgments.

PER CURIAM

PANEL F: LIVINGSTON, GARDNER, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED JANUARY 9, 2003]