**Affirmed and Opinion Filed January 7, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00202-CR

### ROBERTO HERNANDEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 204th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1155623-Q

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Francis

After a jury found Roberto Hernandez guilty of continuous sexual abuse of his eight-year-old stepdaughter, C.R., he agreed to a plea-bargained sentence of thirty-five years in prison. In two issues, he contends the trial court erred by designating the forensic interviewer as the "outcry" witness and by refusing to allow a defense witness to testify that appellant "was not the kind of person who would molest a child." We affirm.

In his first issue, appellant contends the trial court abused its discretion by allowing Patricia Guardiola, the forensic interviewer, to testify as the outcry witness. Appellant argues C.R. first told the school nurse that he was "touching her private parts with his private parts," so the nurse was the proper outcry witness.

In a hearing outside the jury's presence, C.R. testified the first person she told that "something had happened" was Adrian Villegas, the school counselor. She said she told Villegas appellant had "touched" her but did not say where. She then told the school nurse that appellant was "touching" her "private things" with his "private part." She could not remember if she told the nurse how many times it occurred. She did not tell the nurse how old she was when the abuse was occurring nor did she tell the nurse what grade she was in at the time of the abuse. She did not tell the nurse how long it had been going on; instead, she told that information to Guardiola.

Guardiola testified she is a forensic interviewer at the Dallas Children's Advocacy Center. In May 2011, she interviewed C.R., who through drawings, said appellant's penis touched her vagina and "made it bleed multiple times." Guardiola said C.R. said the abuse had been going on "a long time, a lot of times" but could not "put a specific number on the amount of time." She recounted a specific incident that occurred right before she came to the DCAC when she woke up to find appellant touching her. C.R. said her stomach and "private area" began hurting, so she went to the bathroom and saw she was bleeding. She told appellant she was bleeding, and he responded, "Yeah, that was me." Guardiola said C.R. told her the same type of abuse, "penis to her vagina," occurred before she turned eight. C.R. was eight at the time of the interview and her birthday was in December. Because instances of abuse occurred before C.R. was eight and also occurred right before her interview at the DCAC, Guardiola agreed the abuse occurred for more than thirty days. At the conclusion of the hearing, the prosecutor told the trial court she did not intend to call the school nurse and had not been able to identify her. After hearing arguments of counsel, the trial court overruled appellant's objection to Guardiola testifying as the outcry witness.

Article 38.072 of the Texas Code of Criminal Procedure describes the proper outcry witness as "the first person, 18 years of age or older, other than the defendant, to whom the child . . . made a statement about the offense. . . ." TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(a)(3) (West Supp. 2013). The court of criminal appeals has construed this to mean the first adult "to whom the child makes a statement that in some discernible manner describes the alleged offense. [This] statement must be more than words which give a general allusion that something in the area of child abuse is going on." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990); *Sims v. State*, 12 S.W.3d 499, 500 (Tex. App.—Dallas 1999, pet. ref'd). A trial court has broad discretion in determining the proper outcry witness. *Garcia*, 792 S.W.2d at 92. Absent a clear abuse of discretion established by the record, the trial court's decision should not be disturbed. *Id*.

Appellant argues the school nurse was the first person over the age of eighteen that C.R. made a statement that "described the offense." He contends the fact that Guardiola was the only witness who could testify to the specific element requiring the abuse continue for a period of thirty days or more is not dispositive because there is "no requirement" that the outcry witness must be able to establish all elements of the offense.

Appellant was charged with the offense of continuous sexual abuse. A person commits an offense if during a period of thirty or more days, he commits two or more acts of sexual abuse and the victim is a child younger than fourteen years of age. TEX. PENAL CODE ANN. § 21.01(b). Here, the record shows Guardiola was the first person C.R. described, in a discernable manner, two or more acts of sexual abuse over a period of thirty or more days. In particular, she told Guardiola that appellant's penis touched her vagina and made it bleed "multiple times," that the abuse had been happening for a long time, and started before she was eight years old. In contrast, C.R.'s statement to the nurse was more general, saying only that appellant was

–3–

"touching" her "private things" with his "private part." In addition, C.R. did not address any particular time frame and could not remember whether she indicated to the school nurse how many times the abuse occurred. Under these circumstances, we cannot conclude the trial court erred in determining Guardiola was the proper outcry witness. *See Sims*, 12 S.W.3d at 500 (in indecency with child prosecution, trial court could have reasonably concluded counselor was proper outcry witness and that child's statement to mother that defendant "had touched her private parts" was nothing more than a "general allusion that something in the area of sexual abuse was occurring and not a clear description of offense); *Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd) (in aggravated sexual assault prosecution, trial court could have reasonably concluded counselor was proper outcry witness and that child statement to mother that defendant "had been performing oral sex on him" did not relay specific details of charged offense and was nothing more than general allusion in area of sexual abuse). We overrule the first issue.

In his second issue, appellant argues the trial court erred in not allowing his uncle to testify that appellant "was not the kind of person who would molest a child."

At trial, Benigo Hernandez testified he was appellant's uncle and had raised him from the ages of four to fourteen. Since then, he said he has maintained contact with appellant. He said appellant was a "good person" who was "very responsible" and supported his family. When the defense asked whether Hernandez had "an opinion about whether or not he's the kind of person that would molest children," the State objected that the question was improper. The trial court sustained the objection.

Generally, character evidence is not admissible to show that a person acted in conformity with a character trait on a particular occasion. TEX. R. EVID. 404(a). But an accused in a criminal case is permitted to introduce evidence of a specific good character trait to show it is

improbable that he committed the charged offense when that character trait is relevant to the offense. *Id.*; *Melgar v. State*, 236 S.W.3d 302, 306–07 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Valdez v. State*, 2 S.W.3d 518, 519 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). A pertinent trait is "one that relates to a trait involved in the offense charged or a defense raised." *Melgar*, 236 S.W.3d at 307. If evidence of a person's character or character trait is admissible, proof may be made through reputation or opinion testimony. *Valdez*, 2 S.W.3d at 519; *see* TEX. R. EVID. 405(a). However, specific instances of conduct are inadmissible to show an inference that the accused did or did not commit the offense. *Valdez*, 2 S.W.3d at 519.

For example, in a prosecution for a crime of violence, the defendant's character for being peaceful is pertinent because evidence of peaceful character makes it less likely that the defendant committed the crime. *Melgar*, 236 S.W.3d at 307. Thus, in a murder case, the appropriate inquiry is the accused's reputation for peacefulness, or non-aggressive behavior. *Wheeler v. State*, 67 S.W.3d 879, 882 n.2 (Tex. Crim. App. 2002). Similarly, a defendant charged with sexually assaulting a child is entitled to offer evidence of his good character for "moral and safe relations with small children or young girls" under rule 404(a)(1)(A). *Wheeler*, 67 S.W.3d at 882. But the status of being a murderer or a pedophile is not a "character trait." *Id.* at n.2.

In *Valdez*, the appellant was convicted on three counts of aggravated sexual assault of a child involving three young boys. At trial, the trial court refused to allow the appellant's brother and neighbor to testify that appellant had a good reputation in the community for being "a non-pedophile." *Valdez*, 2 S.W.3d at 519. The court concluded the proffered question was improper because "unlike a person's reputation for the moral treatment of children, being a 'non-pedophile' is not evidence of a person's character or character trait." *Id.* at 520.

–5–

Initially, we note appellant did not make an offer of proof specifying how his uncle would have answered the question. But assuming he would have answered favorably to appellant, the evidence was not admissible. The question of whether appellant was the "kind of person" who would molest children is substantively no different from one asking whether a defendant is a non-pedophile. By its question, the defense was not seeking to establish evidence of a good character trait; it was attempting to show that appellant "was not known to have committed the type of crime for which he was charged in the past." *See Valdez*, 2 S.W.3d at 520. This was an impermissible attempt to put on evidence of specific instances of conduct "to support the inference that it is unlikely the accused would have engaged in the criminal conduct charged." *See id.* We conclude the trial court did not abuse its discretion in excluding the evidence. We overrule the second issue.

We affirm the trial court's judgment.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130202F.U05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERTO HERNANDEZ, Appellant

No. 05-13-00202-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1155623-Q.
Opinion delivered by Justice Francis;
Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 7, 2014

/Molly Francis/
MOLLY FRANCIS
JUSTICE