

**NUMBER 13-18-00536-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CHARLES LEE SALINAS,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

**On appeal from the 347th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

A jury convicted appellant Charles Lee Salinas of online solicitation of a minor and assessed punishment at forty-four years of confinement. *See* TEX. PENAL CODE ANN. § 33.021(b). By his sole issue, Salinas complains that the trial court erred in failing to *sua sponte* grant a mistrial. We affirm.

# I.  BACKGROUND

According to the State, Salinas, thirty-nine years old at the time, was engaged in sexually explicit online chat and delivered text messages with a person he believed to be a thirteen-year-old female named Kristina.  In fact, unknown to Salinas, "Kristina" was Jimmy Loya, a special agent with the South Texas Specialized Crimes and Narcotics Task Force.  A grand jury indictment alleged, in relevant part, that on or about January 3, 2018, in Nueces County, Texas, Salinas

> "being a person who was 17 years of age or older, with the intent that Jimmy Loya, an individual whom the defendant believed to be younger than 14 years of age, would engage in sexual contact with the defendant, knowingly solicit over the Internet and/or by text message the said Jimmy Loya to meet the defendant."

At trial, Loya testified regarding his proactive investigation to locate people who were soliciting minors online.  He testified that on January 3, 2018, posing as an underage girl, he made an account on Mocospace, a social media site known for containing individuals that solicit minors.  Soon thereafter, an individual with the username "Chuck42" contacted the decoy account.  Loya, posing as "Kristina Garcia," began messaging with Chuck42.  Kristina notified Chuck42 several times that she was thirteen years old, yet this did not discourage Chuck42 from sending sexually explicit messages.  Chuck42 provided a phone number so Kristina could contact him through text.  He stated that his name was "Chuck" and that he was thirty-nine years old.

During the text message exchanges and Mocospace conversations, Kristina often expressed concern that Chuck might find her too young because she was only thirteen years old.  Chuck at no time appeared bothered by her age and frequently asked Kristina for pictures of herself in the shower.  Chuck sent Kristina pictures of himself.  During one

2

of the conversations, Kristina asked Chuck for his last name, and he responded with "Salinas." As the conversation continued, Chuck expressed that he wanted Kristina to visit him for the weekend and that he would pay the bus ticket for Kristina to travel to Corpus Christi. On several occasions when Kristina would express that her phone might be taken away by her mother, Chuck would tell Kristina to delete all the messages from her phone.

Loya investigated the phone number received from Chuck42 and confirmed that it was linked to Salinas. Additionally, Loya found an individual on Facebook by the name of "Chuck Salinas" that he confirmed, through the pictures, was the appellant. The individual in Salinas's Facebook photos was the same individual in the pictures that Chuck42 sent to Kristina. Loya obtained an arrest warrant for Salinas. Loya and Monica Lewis, a criminal investigator for the Nueces County District Attorney's Office, interviewed Salinas after he was arrested. Salinas confirmed that he used Mocospace and that he was Chuck42 on that site, but he denied talking to an underage girl named Kristina. Salinas also provided Loya with a phone number, which he claimed was his mother's phone number, but was the same phone number Chuck42 used to contact Kristina.

The jury returned a guilty verdict and assessed punishment at forty-four years in the Texas Department of Criminal Justice—Institutional Division. This appeal followed.

## II. DISCUSSION

Salinas's sole issue on appeal is that the trial court erred when it failed to *sua sponte* declare a mistrial after the prosecutor allegedly made an improper jury argument.

### A. Waiver

3

To complain on appeal about an improper jury argument, a defendant must object at trial and pursue his objection to an adverse ruling. *See* TEX. R. APP. P. 33.1(a); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("Therefore, we hold a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal."). It is required that the defendant object each time an improper argument is made or else his complaint is waived, no matter how egregious the argument. *See Valdez v. State*, 2 S.W.3d 518, 522 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). The record provides that Salinas did not object to the statements when they were made. However, Salinas claims that the trial court committed reversible error by failing to *sua sponte* declare a mistrial when the prosecutor improperly injected personal opinion into jury argument.

**B.    *Sua Sponte* Mistrial**

**1.    Standard of Review and Applicable Law**

A trial court has discretion to declare a mistrial *sua sponte* when "in [its] opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated." *Torres v. State*, 614 S.W.2d 436, 442 (Tex. Crim. App. 1981). The power to grant a mistrial *sua sponte* should be used with "the greatest caution, under urgent circumstances, and for very plain and obvious causes." *Id.*; *Parrish v. State*, 38 S.W.3d 831, 834 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing *Ex parte Little*, 887 S.W.2d 62, 64 (Tex. Crim. App. 1994) (concluding that the trial judge's discretion to declare a mistrial based on manifest necessity is limited to "very extraordinary and striking circumstances"). There must be a

4

"high degree" of necessity that the trial come to an end. *Torres*, 614 S.W.2d at 442. Manifest necessity is present when the circumstances render it impossible to obtain a fair verdict, when it is impossible to continue with trial, or when the verdict would be reversed on appeal because of trial error. *Illinois v. Somerville*, 410 U.S. 458, 464 (1973).

There are four permissible areas of jury argument: (1) summation of the evidence, (2) reasonable deductions drawn from the evidence, (3) answer to opposing counsel's argument, and (4) a plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). Generally, a prosecutor should refrain from inserting personal views into their jury arguments. *See Boyd v. State*, 643 S.W.2d 700, 706 (Tex. Crim. App. 1982) (concluding that it is improper for a prosecutor to inject personal opinion into a jury argument). However, "the line separating acceptable from improper advocacy is not easily drawn; there is often a gray zone." *United States v. Young*, 470 U.S. 1, 7 (1985). A criminal conviction should not be lightly overturned on the basis of prosecutor's comments; they must be viewed in context, and only in doing so can it be determined whether the comments affected the defendant's right to a fair trial. *Id.* at 11.

### 2. Analysis

Salinas takes issue with the following remarks made by the prosecutor in closing argument:

> Now you have heard the evidence. Some of the evidence I would like to point out to you. One of them is that of MocoSpace. I never heard about it, but I believe the detective. Both of them.
>
> . . .
>
> I have to admit when I first get [sic] to learn this case, I was mad. I was angry because this violates the basic human decency.
>
> . . .

5

Then after I learn [sic] this case some more, I got scared. Why am I scared? Because this is here. This is my home.

On appeal, Salinas relies on *Johnson v. State*; however, *Johnson* notes that the restriction against a prosecutor giving his personal opinion about a case is in fact against the prosecutor giving an opinion *and* basing that opinion on an implication of special expertise. 698 S.W.2d 154, 167 (Tex. Crim. App. 1985) ("The implication of special expertise *coupled* with an implied appeal to the jury to rely on that expertise in deciding the contested issues before it is improper.") (emphasis added). Here, the prosecutor, in the three complained-of statements, does not try to convey that his opinion was based on special expertise. In fact, it can be proper for a prosecutor to argue his opinion as long as it is based on the evidence and does not constitute unsworn testimony. *McKay v. State*, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985). Moreover, the State is given wide latitude in drawing inferences as long as they are drawn in good faith and are reasonable. *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997).

In the first complained-of statement, the prosecutor was referring to the evidence presented by the detectives and not providing unsworn testimony. *See McKay*, 707 S.W.2d at 37. The statement made by the prosecutor was a permissible jury argument because prosecutors may argue their opinion regarding issues in the case so long as it is based on the evidence. *Id.*

In the second complained-of statement, the prosecutor did not make an improper jury argument when he expressed his personal opinion about the nature of the crime, describing it as a violation of "basic human decency." *See Robbins v. State*, 145 S.W.3d 306, 315 (Tex. App.—El Paso 2004, pet. ref'd) ("The prosecutor may express an opinion

6

on the serious nature of the offense by contrasting it with other cases or crimes in general, as long as the prosecutor does not delve into the details of the other cases or crimes."). Here, the prosecutor stated his opinion on the facts of the crime, and a fair reading of the record shows that his opinion was based on a reasonable deduction from the evidence presented at trial. *Id.*

The last complained-of statement, when referring to the community, also did not constitute an improper jury argument. When examined in context, the prosecutor was asking the jury to enforce the law, which is a proper jury argument. *See Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim. App. 1990). "The State may also remind the jury of the effect that its verdict may have on specific segments of the community or the community in general." *Id.* The State can ask the jury to send a message to the community. *Harris v. State*, 122 S.W.3d 871, 887–88 (Tex. App.—Fort Worth 2003, no pet.). The State may not contend that the community expects or demands a particular verdict—but that was not the argument in this case. *See id*. at 56. Here, the argument made by the prosecutor was proper because it constituted a plea for enforcement of the law. *See Cortez v. State*, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984).

Accordingly, the complained-of statements, when viewed in context and when viewed in isolation, do not constitute an improper jury argument that required the trial court to *sua sponte* declare a mistrial. *Young*, 470 U.S. at 7. We overrule Salinas's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

7

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2019.