

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00118-CR

---

BRANCHA LADALE LOYD, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 54901-B

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

A Gregg County jury convicted Brancha Ladale Loyd of driving while intoxicated, third or more. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (Supp.). After the jury found the State's punishment enhancement allegation true, it assessed a sentence of eighteen years' imprisonment with a $100.00 fine. On appeal, Loyd argues that the trial court should have declared a mistrial, sua sponte, after learning that Loyd's counsel had lunch with the jury during trial. He also argues that the State made an improper argument during its closing.

Based on the facts of this case, we find that the trial court did not err by failing to grant a mistrial sua sponte after confirming that there was no mention of the case during lunch. We further find that Loyd failed to preserve his complaint regarding improper jury argument. As a result, we affirm the trial court's judgment.

## I.  The Trial Court Did Not Abuse its Discretion by Failing to Declare a Mistrial

A mistrial is an extreme remedy, to be sparingly used "for a narrow class of highly prejudicial and incurable errors" committed during the trial process. *Turner v. State*, 570 S.W.3d 250, 268 (Tex. Crim. App. 2018). The trial court's decision regarding the need for a mistrial is reviewed for an abuse of discretion. *Barba v. State*, 486 S.W.3d 715, 720 (Tex. App.—Texarkana 2016, no pet.) (citing *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Sanders v. State*, 387 S.W.3d 680, 687 (Tex. App.—Texarkana 2012), *pet. struck*, No. PD-0035-13, 2013 WL 458100, *1 (Tex. Crim. App. Feb. 6, 2013) (order) (per curiam) (not designated for publication)). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement, that is, when the decision is "so clearly wrong as to lie outside the zone

2

within which reasonable people might disagree." *Henley v. State*, 493 S.W.3d 77, 83 (Tex. Crim. App. 2016) (quoting *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008)). "If the ruling was within the zone of reasonable disagreement, it must be upheld." *Barba*, 486 S.W.3d at 720. "A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

Before taking a lunch break during trial, the trial court gave the jury the following instruction: "If you go to lunch together, please [do not] discuss the case. Talk about anything else but not the case." When the lunch break was over, the trial court convened a hearing outside of the jury's presence because it had learned that Loyd's counsel sat with two jurors during lunch. The trial court asked counsel, "[W]hat were you thinking when you sat down with them," prompting Loyd's counsel's response that he only sat with the jurors because "it was the only table that had any space." When the trial court asked Loyd's counsel what he had discussed with the jurors, he responded, "The only thing that I remember discussing, Your Honor, where I was from, Chandler, Texas, down the road, and talking about going from a small town, going to a big town down in Houston." Loyd's counsel added, "It's all on me, Judge. I ain't got no excuse."

The trial court then called each of the two jurors into its chambers to discuss any conversation they had with Loyd's counsel. After doing so, the trial court made the following announcement:

> I had a chance to meet with the two jurors. They both assured me that no conversations about the case occurred. One of them, the one in blue, even said, I made sure there was no discussions about the case. Both indicated that they -- there was nothing about the conversations that they did have, which, as [Loyd's

3

counsel] said, was mainly about [counsel] living in Chandler and then also having worked in Houston. There was nothing in the conversations that would cause anyone to vote one way or the other based on those conversations.

As a result of the trial court's findings that the case had not been discussed, the State declined to file a motion for mistrial. Now, Loyd argues that the trial court should have declared a mistrial on its own.

Loyd's argument is based on Article 36.22 of the Texas Code of Criminal Procedure, which prohibits any person "to converse with a juror about the case on trial except in the presence and by the permission of the court." TEX. CODE CRIM. PROC. ANN. art. 36.22. "[T]he primary goal of Article 36.22 is to insulate jurors from outside influence." *Becerra v. State*, 685 S.W.3d 120, 135 (Tex. Crim. App. 2024) (quoting *Ocon*, 284 S.W.3d at 884). "[A] violation of Article 36.22's prohibition on conversing with a juror about the case on trial, once proven by the defendant, raises a rebuttable presumption of injury that may warrant a mistrial." *Id.* at 136.

Here, the record shows that no conversation about the case on trial occurred. Rather, the record shows that no highly prejudicial or incurable error occurred such that a mistrial was required. As a result, we overrule Loyd's first point of error.

## II. Loyd Failed to Preserve His Improper Jury Argument Complaint

"[P]roper jury argument generally falls within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to an argument of opposing counsel, and (4) plea for law enforcement." *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019). In his last point of error on appeal, Loyd complains that the State's prosecutor exceeded the bounds of proper jury argument during punishment when she stated, "What I can

tell you is, if you decide to give him two or five, as [Loyd's counsel] says, I'm pretty sure that's going to send a message to the citizens of Gregg County. Oh, well, that jury, they didn't care. It wasn't that bad. Whatever. No. That's the point."

The State argues that that point of error is unpreserved, and we agree. "[A]ll errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial." *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014). The Texas Court of Criminal Appeals has explained that the rules of error preservation, which require a timely objection, apply to improper closing arguments and that a "defendant must object and pursue his objection to an adverse ruling . . . to complain on appeal about the argument." *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App 1996)); *see* TEX. R. APP. P. 33.1(a) (overruling appellate court's decision that found the improper jury argument was timely raised in a motion for new trial). "A defendant must object at the earliest opportunity to prevent waiver of an issue on appeal." *Owens v. State*, 549 S.W.3d 735, 744 (Tex. App.—Austin 2017, pet. ref'd) (citing *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014)). "Even incurably improper . . . argument is forfeitable." *Hernandez*, 538 S.W.3d at 623. Accordingly, "[a] defendant forfeits his complaint about improper . . . argument if he fails to object each time such argument is made." *Owens*, 549 S.W.3d at 744 (citing *Valdez v. State*, 2 S.W.3d 518, 521–22 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)).

Here, Loyd admits, and the record shows, that he lodged no objection to the prosecutor's argument and did not otherwise timely raise the issue with the trial court. As a result, we overrule Loyd's last point of error for lack of preservation.

## III.    Conclusion

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     February 20, 2026
Date Decided:       March 18, 2026

Do Not Publish

6