Affirmed and Memorandum Opinion filed April 15, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00369-CR

___________________

 

Fernando Fernandez, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 300th Judicial District Court

Brazoria County,
Texas



Trial Court Cause No. 55,573

 



 

 

MEMORANDUM OPINION

            Appellant
Fernando Fernandez challenges his conviction on two counts of indecency with a
child.  After a jury trial, the jury found appellant guilty and assessed
punishment at confinement for 99 years.  Appellant appeals contending that (1)
the evidence is legally and factually insufficient to support the jury’s
verdict; and (2) the trial court erred by not allowing him to admit certain evidence
of “his good character and propensity for moral and safe relations with small
children.”  We affirm.

Background

            Before 2007, the
complainant lived with her mother, sister, brother, three uncles and their
families, and appellant, her grandfather, in a house in Pearland, Texas. 
Appellant had his own room that was accessible only from a staircase located
outside of the house.  Everyone else lived in the main house.    

In March 2007, the complainant, who was then 16 years
old, was admitted to a hospital for treatment of pneumonia.  During an
examination, a member of the hospital staff observed red marks on the
complainant’s wrist.  When asked where the red marks came from, the complainant
stated that they came from appellant.  The complainant then told the hospital
staff that appellant had touched her breasts, “bottom,” and vagina.  

Appellant was indicted on two counts of indecency
with a child on November 29, 2007.  During trial, the complainant testified
that one of her chores was cleaning appellant’s
room.  She testified that while she was cleaning appellant’s room, appellant
touched her chest, “bottom,” and vagina with his hands.  She testified that she
was 15 years old when appellant began touching her.  When asked if this
happened “on one or more occasions,” the complainant testified that it happened
“a lot.”  The complainant testified that appellant touched her chest, “bottom,”
and vagina with his hands over the course of a year.  

Faye Fernandez, the
complainant’s mother, testified that she “took care of everything” around the
house, including cleaning appellant’s room.  She testified that the complainant
and her other children would help her with these duties, but they were not
supposed to go to appellant’s room.  She testified that appellant would call
for her children to clean his room.  She also testified that appellant offered
to leave the family house if “[the complainant would] say that she was lying.” 
Cindy Dominguez testified that the complainant told her “that her mom had told
her if everything would be dropped, [appellant] would leave [the family home].”


Appellant took the
stand and denied touching the complainant inappropriately.  Appellant also
testified that the complainant had threatened him stating, “I can have you
arrested if I want to.”  Appellant testified that the complainant told him that
“a friend of hers had her father arrested, and all she had to do was say that
her father had touched her.  She said, ‘I can do that same thing to you,
Grandpa; and they are going to believe me because I’m a little kid.’”  

            Appellant also
called Fernando Fernandez, Jr., Elizabeth Fernandez, Margarita Fernandez, and Eliza
Zavala, who are family members of appellant and the complainant.  All four
testified that the complainant was rude and
disrespectful to appellant, and that the complainant and her mother had bad
reputations for truth and veracity.  Elizabeth Fernandez also testified that
she heard the complainant state the following to appellant: “You know, what, if
I want to, I can make you in trouble.  I’ve got your life in my
hands. . . .  You know, I can make something . . . make it
something out and they are gonna believe me first than you.”  Appellant also
called Beverly Rockstad, his former girlfriend, who testified that Faye
Fernandez’s reputation for truth and veracity was bad.  

            The jury found appellant guilty of both counts of indecency
with a child and assessed punishment at confinement for 99 years for each count.[1]  The trial court signed its judgment on April 17,
2009, and ordered the sentences to run concurrently.  Appellant appeals from
the trial court’s judgment.        

Analysis

            Appellant
presents six issues on appeal.  In his first and second issues, appellant
argues that the evidence is legally and factually insufficient to support the
jury’s verdict.  In issues three through six, appellant argues the trial court
erred by not allowing appellant to admit certain evidence regarding his “good
character and propensity for moral and safe relations with small children.”  We
address each in turn.  

I.         Legal and
Factual Sufficiency

In reviewing legal sufficiency of the evidence, an
appellate court examines all of the evidence in the light most favorable to the
verdict to determine whether any rational factfinder could have found proof of
the essential elements of the offense beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Rollerson v. State, 227 S.W.3d
718, 724 (Tex. Crim. App. 2007).  The court does not sit as a thirteenth juror
and may not re-evaluate the weight and credibility of the record evidence or
substitute its judgment for that of the factfinder.  Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Reconciliation of conflicts in the evidence is within
the exclusive province of the factfinder.  See Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998).  The appellate court’s duty is not to
reweigh the evidence, but to serve as a final due process safeguard ensuring
only the rationality of the factfinder.  See Williams v. State, 937
S.W.2d 479, 483 (Tex. Crim. App. 1996).  An appellate court faced with a record
that supports conflicting inferences must presume — even if not obvious from
the record — that the factfinder resolved any such conflicts in favor of the
verdict and must defer to that resolution.  Jackson, 443 U.S. at 326; Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).

In reviewing factual sufficiency of the evidence, an
appellate court must determine whether (1) the evidence introduced to support
the verdict is “so weak” that the factfinder’s verdict seems “clearly wrong and
manifestly unjust,” or (2) the factfinder’s verdict is nevertheless against the
great weight and preponderance of the evidence.  Watson v. State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2008).  In a factual sufficiency review,
the court views all of the evidence in a neutral light.  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (en banc).  If the court finds the
evidence factually insufficient, the court must remand the case for a new
trial.  Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).

In order to declare that an evidentiary conflict
justifies a new trial, an appellate court must rely on some objective basis in
the record demonstrating that the great weight and preponderance of the
evidence contradicts the jury’s verdict.  See Lancon v. State, 253
S.W.3d 699, 706-07 (Tex. Crim. App. 2008).  An appellate court should not
intrude upon the factfinder’s role as the sole judge of the weight and
credibility of witness testimony.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex. Crim. App. 2002).  The factfinder may choose to believe or disbelieve any
portion of the testimony presented at trial.  Bargas v. State, 252
S.W.3d 876, 887 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) (en banc)).  Due
deference must be given to the factfinder’s determinations concerning the
weight and credibility of the evidence and reversal of those determinations is
appropriate only to prevent the occurrence of a manifest injustice.  Martinez
v. State, 129 S.W.3d 101, 106 (Tex. Crim. App. 2004).

An individual commits the offense of indecency with a child if the individual engages in sexual contact with a
child.  Tex. Pen. Code Ann. § 21.11(a)(1) (Vernon Supp. 2009).  “Sexual
contact” is defined to include “(1) any touching by a person, including
touching through clothing, of the anus, breast, or any part of the genitals of
a child; or (2)
any touching of any part of the body of a child, including touching through
clothing, with the anus, breast, or any part of the genitals of a person.”  Id. at § 21.11(c)(1).  “[T]he requisite
specific intent to arouse or gratify the sexual desire of any person can be
inferred from the defendant’s conduct, his remarks and all surrounding
circumstances.”  McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App.
1981).  An expression of intent by words is not required.  Navarro v. State,
241 S.W.3d 77, 79 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).  

A conviction
for the offense of indecency with a child is “supportable on the uncorroborated
testimony of the victim of the sexual offense if the victim informed any
person, other than the defendant, of the alleged offense within one year after
the date on which the offense is alleged to have occurred.”  Tex. Code Crim.
Proc. Ann. art. 38.07(a) (Vernon 2005).   But the requirement that the victim
inform another person of an alleged offense does not apply “if at the time of
the alleged offense the victim was a person . . . 17 years of age or younger.” 
Id. art. 38.07(b).  

Appellant contends
that the evidence is legally insufficient to support his conviction because
there was “no detail to [the complainant’s] testimony.  There was no clear
incident described by [the complainant].”  

The complainant testified
that one of her chores was cleaning appellant’s room.  She testified that while
she was cleaning appellant’s room, appellant touched her chest, “bottom,” and
vagina with his hands.  She testified that she was 15 years old when appellant
began touching her.  When asked if this happened “on one or more occasions,”
the complainant testified that it happened “a lot.”  She later testified that
appellant touched her chest, “bottom,” and vagina with his hands over the
course of a year.  

Faye Fernandez, the
complainant’s mother, testified that she “took care of everything” around the
house, including cleaning appellant’s room.  She testified that the complainant
and her other children would help her with these duties, but they were not
supposed to go to appellant’s room.  She testified that appellant would call
for her children to clean his room.  She also testified that appellant offered
to leave the family house if “[the complainant would] say that she was lying.” 
Cindy Dominguez testified that the complainant told her “that her mom had told
her if everything would be dropped, [appellant] would leave.” 

Viewing the evidence
in the light most favorable to the verdict, the jury could have found beyond a
reasonable doubt that appellant engaged in sexual contact with the complainant,
a child.  See Tex. Code Crim. Proc. Ann. art. 38.07(a), (b); Jackson,
443 U.S. at 326; Evans, 202 S.W.3d at 161.  

Appellant contends
that the evidence is factually insufficient to support his conviction because “neither
[the complainant] nor her mother were entitled to belief.”  Appellant does not argue
that the complainant’s testimony did not sufficiently cover all of the elements
alleged in the indictment; he only attacks the complaint’s and her mother’s
credibility.  Appellant relies heavily on Goodman v. State, 66 S.W.3d
283 (Tex. Crim. App. 2001) (en banc), to support his position.  

In Goodman, the
court described two types of factual insufficiency situations.  Id. at
285-86.  The court stated that the second type of situation “involve[d] a
balancing scale,” with some evidence supporting a positive inference and some
evidence supporting a negative inference.  Id. at 285.  The court then
used a hypothetical to illustrate this type of situation: 

[S]uppose a modern-day Cretan Liar testifies: “I saw
the defendant put the baggie of cocaine down on the sidewalk.”  Although the
Cretan Liar has five prior perjury convictions, his testimony is nonetheless legally
sufficient to prove that the defendant possessed the baggie.  Direct evidence
of “X” fact is always legally sufficient to support a finding of “X” fact.  The
Cretan Liar’s testimony, standing alone, is also factually sufficient to
support the element of possession.  If the jury believes him (and it is
entitled to do so under either a legal or factual sufficiency review), then the
Cretan Liar’s testimony conclusively proves the point.  Now, suppose that the defendant calls a dozen boy
scouts, who uniformly testify that they definitely saw the baggie lying on the
sidewalk before the defendant came along and sat down. Now we have the
Cretan Liar’s testimony (which the jury was entitled to believe and actually
did believe) set against the testimony of twelve boy scouts (whose testimony
the jury was entitled to reject and whose testimony, for whatever reason, it
did reject).  Clearly, the jury’s finding that the defendant possessed the
baggie of cocaine is against the great weight and preponderance of the
evidence.  The Cretan Liar, with multiple perjury convictions, versus twelve
boy scouts?  Given this state of the evidence, the jury’s
verdict is “clearly wrong” and “manifestly unjust.”  A reviewing court can only
attribute the verdict to bias, irrationality, or some other peculiarity.   

Id. at 285-86 (emphasis in
original).

            Appellant called numerous family members who testified that
the complainant was rude and disrespectful to appellant, and that the
complainant and her mother had bad reputations for truth and veracity. 
Elizabeth Hernandez also testified that she heard the complainant state the
following to appellant: “You know, what, if I want to, I can make you in
trouble.  I’ve got your life in my hands. . . .  You know, I can make something
. . . make it something out and they are gonna believe me first than you.”  Appellant
also took the stand and denied touching the complainant inappropriately. 
Appellant testified that the complainant had threatened him stating, “I can
have you arrested if I want to” and that “a friend of hers had her father
arrested, and all she had to do was say that her father had touched her.  She
said, ‘I can do that same thing to you, Grandpa; and they are going to believe
me because I’m a little kid.’”  Relying on the court’s “Cretan Liar”
hypothetical in Goodman, appellant asserts that the jury’s verdict is
“against the great weight and preponderance of the evidence” and is “manifestly
unjust.” 

            The appellant’s reliance on Goodman is misplaced.  Appellant
is the only witness who testified that he did not touch the complainant’s
breasts, “bottom,” or vagina, in direct contradiction of the complainant’s
testimony.  The other witnesses merely testified as to the credibility of the
complainant.  The other witnesses appellant called to testify did not testify
that appellant did not touch the complainant.  

            Courts have routinely held the jury is the sole judge
of the facts, the credibility of the witnesses, and the weight to be given the
evidence.  Wyatt v. State, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000); Beckham
v. State, 29 S.W.3d 148, 151 (Tex. App.—Houston [14th Dist.] 2000, pet.
ref’d).  The jury may believe or disbelieve all or part of any witness’s
testimony.  Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998)
(en banc).  The jury is in the best position to evaluate the credibility of
witnesses and the evidence, and we must afford due deference to its
determination.  Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). 


            Viewing the
evidence in a neutral light, the jury could have
found beyond a reasonable doubt that appellant engaged in sexual contact with
the complainant, a child.  See Johnson, 23 S.W.3d at 11.  The evidence supporting the verdict is not so weak
that the verdict is clearly wrong and manifestly unjust.  See Watson,
204 S.W.3d at 414-15; see also Newby v. State, 252 S.W.3d 431,
435-37 (Tex. App.—Houston [14th Dist.] 2008, pet. ref’d) (finding the evidence
factually sufficient despite appellant’s argument that the State’s case relied
entirely on the testimony of the complaining witness and the complaining
witness was not credible); Guajardo v. State, 176 S.W.3d 402, 404-05
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (same).   

            We overrule appellant’s first and second issues.    

II.        Admissibility
of Evidence

Appellant next argues that the trial court committed
reversible error by not allowing Zavala, Rockstad, and Margarita Fernandez to
testify that appellant had “good character and propensity for moral and safe
relations with small children or young girls.”  Specifically, appellant asserts
that the trial court erred in sustaining the State’s objections to the
following three questions: (1) appellant’s counsel asked Zavala: “Has
[appellant] ever touched you inappropriately?”;[2]
(2) appellant’s counsel asked Rockstad: “Would you have had any reason to be
afraid to leave your daughter with [appellant]?”; and (3) appellant’s counsel
asked Margarita Fernandez: “Would you have any hesitation in letting your
daughter go with [appellant]?”           

We review the trial court’s decision to admit
evidence under an abuse-of-discretion standard.  Casey v. State, 215
S.W.3d 870, 879 (Tex. Crim. App. 2007).  If the trial court’s decision is
within the zone of reasonable disagreement, the trial court’s ruling will be
upheld.  Id.  

Generally, character evidence is not admissible to
show that a person acted in conformity with a character trait on a particular
occasion.  Tex. R. Evid. 404(a).  However, an accused in a criminal case is
permitted to introduce evidence of a specific good-character
trait to show that it is improbable that he committed the charged offense, when
that character trait is pertinent to the offense.  Tex. R. Evid. 404(a)(1)(A); Valdez
v. State, 2 S.W.3d 518, 519 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).
 A pertinent trait is “one that relates to a trait involved in the offense
charged or a defense raised.” Spector v. State, 746 S.W.2d 946, 950
(Tex. App.—Austin 1988, pet. ref’d).  Proof of such good character may be made
through reputation or opinion testimony.  Tex. R. Evid. 405(a); Valdez,
2 S.W.3d at 519.  Specific instances of conduct are only admissible if the
character trait is an essential element of the crime charged.  Tex. R. Evid.
405(b); Biagas v. State, 177 S.W.3d 161, 175 (Tex. App.—Houston [1st
Dist.] 2005, pet. ref’d). 

A defendant charged with a sexual offense against a
child is entitled to proffer evidence of his good character or propensity for
moral and safe relations with small children.  Wheeler v. State, 67
S.W.3d 879, 882 (Tex. Crim. App. 2002).  However, a defendant must do so in
accordance with the procedures and foundations set out in Texas Rule of Evidence
405.  Id.    

Appellant argues that the challenged questions
prompted admissible character evidence in the form of opinion testimony
relating to appellant’s good character or propensity for moral and safe
relations with small children.  We disagree.  Appellant’s trial counsel’s
questions did not seek to establish evidence of appellant’s good character or
propensity for moral and safe relations with small children; rather, the
challenged questions sought to establish that appellant was not known to have
committed a sexual offense against a child in the past.  These questions were an
impermissible attempt to put on evidence of specific instances of good conduct
to support the inference that it is unlikely that appellant touched the
complainant inappropriately.  See Valdez, 2 S.W.3d at 520; see also
Schmidt v. State, 449 S.W.2d 39, 40 (Tex. Crim. App. 1969) (while the
defendant may offer reputation evidence on his law-abiding character,
he may not testify that he has never been in trouble with a law enforcement
officer).  Accordingly, the trial court did not abuse its discretion in
refusing to allow the testimony.

Appellant also argues that “the trial court denied
him the right to present a complete defense under the Due Process Clause of the
Fourteenth Amendment to the United States Constitution” or the Sixth Amendment
of the United States Constitution by excluding this evidence.  Appellant has
waived this argument on appeal by not first presenting it to the trial court.  See
Tex. R. App. P. 33.1(a); Reyna v. State, 168 S.W.3d 173, 176-79 (Tex. Crim.
App. 2005) (failure to present a particular argument to the trial court in
support of the admission of excluded evidence
waives that argument for appeal); see also Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995) (en banc) (appellant’s failure to argue
in the trial court that he was denied right to present a defense and right to due process or course of law in
violation of federal and state constitutions waived those arguments on appeal).

Nonetheless, even if
appellant had preserved this argument for our review, it is without merit.  A
trial court’s ruling excluding evidence can rise to the level of a
constitutional violation if (1) “a state evidentiary rule . . . categorically
and arbitrarily prohibits the defendant from offering otherwise relevant,
reliable evidence which is vital to his defense;” or (2) “a
trial court’s clearly erroneous ruling [excludes] otherwise relevant, reliable
evidence which ‘forms such a vital portion of the case that exclusion
effectively precludes the defendant from presenting a defense.’”  Wiley v.
State, 74 S.W.3d 399, 405 (Tex. Crim. App. 2002) (quoting Potier v.
State, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002) (en banc)).  

Appellant asserts that the
trial court erroneously excluded evidence; he does not argue that an
evidentiary rule is unconstitutional.  In order to prevail on an erroneous
evidence argument, appellant first must show that the trial court’s ruling was
erroneous.  See id. at 406.  Because the trial court did not
abuse its discretion in excluding the complained of evidence, appellant has
failed to show that the trial court’s ruling was erroneous, or that it was so
clearly erroneous that it violated his constitutional rights.  See id.
at 408.       

We overrule appellant’s third, fourth, fifth, and
sixth issues.

Conclusion

We affirm the trial court’s judgment.

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] Appellant pleaded true to
three enhancement paragraphs.





[2]
The State argues that appellant failed to
preserve error on his complaint as pertaining to Zavala’s testimony.  In
general, to preserve error on appeal, a contemporaneous objection must be made
and an adverse ruling obtained.  Tex. R. App. P. 33.1(a).  This means the trial
court must explicitly or implicitly make an adverse ruling or refuse to rule on
the objection.  Id.   

During trial, appellant’s counsel
asked Zavala, “Has [appellant] ever touched you inappropriately?”  The State
objected and the trial court excused the jury from the courtroom.  The trial
court then heard arguments relating to whether the previous question violated the
trial court’s order on one of appellant’s motions in limine.  The hearing ended
with the trial court stating, “You know, Mr. Gerard, that that was an
inappropriate, uncalled for, unethical question to ask in front of this jury. .
. .  Don’t ask it again or any other question like that.”  

The trial court effectively sustained
the State’s objection when it ordered appellant’s trial counsel not to ask that
question again “or any other question like that.”  Therefore, the ruling was
adverse to appellant and error was preserved.  See id.